IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PANHANDLE FARMERS MUTUAL
INSURANCE COMPANY, INC.,

    Plaintiff,

v.                                        Civil Action No. 5:13CV6
                                                            (STAMP)
RIDGE CREST PROPERTIES, LLC.

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS FOR**
**LACK OF SUBJECT MATTER JURISDICTION,**
**DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT,**
**DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE**
**AND ASSERT A COUNTERCLAIM AND**
**DENYING DEFENDANT'S MOTION TO FILE SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF PREVIOUSLY FILED MOTION TO DISMISS AS MOOT**

I.    Background

Panhandle Farmers Mutual Insurance Company filed the above styled civil action in this Court on January 16, 2013. In its complaint, the plaintiff seeks declaratory judgment from this Court that the policy held by the defendant, Ridge Crest Properties, LLC, does not cover the loss that the defendant suffered in June 2012. At that time, one of the defendant's rental buildings was damaged by an act of vandalism. The defendant claims that under the insurance policy, the plaintiff should compensate the defendant for this loss. The plaintiff denied this claim, arguing that vandalism was not covered by the defendant's policy. Since this denial, the parties have been negotiating a settlement of this issue. The

defendant also asserted additional allegations against the plaintiff, which include allegations of bad faith and breach of contract due to the denial of coverage.  Apparently, an offer of $150,000.00 to settle all of the claims was made by the defendant to the plaintiff, but this offer was rejected soon thereafter.[1]

After the plaintiff filed its complaint, the defendant filed a motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(1).  The defendant claims that diversity jurisdiction for the action does not exist because the amount in controversy does not exceed $75,000.00, exclusive of interest and costs.  The defendant argues that the policy limits and actual damages suffered limit the possible recovery to significantly less than $75,000.00.  The plaintiff argues in response that a negotiation offer by the defendant demonstrates that the amount in controversy is sufficient.  In this response, the plaintiff asks for leave to amend its complaint.  The defendant later filed a motion seeking leave to assert a counterclaim, in which it seeks to assert wrongful prosecution, breach of contract, bad faith, and West Virginia Unfair Trade Practices Act claims.  For the reasons stated below, this Court will grant the motion to dismiss, deny the motion to amend the complaint, deny the motion to assert a

---

[1]Although a letter is in the record evidencing rejection of this offer, there is no letter documenting the offer itself.  See ECF No. 5 Ex. D.

counterclaim, and deny the motion to file a supplemental memorandum.[2]

## II. Legal Standard

A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 201-02 (2d ed. 1990). The burden of proving subject matter jurisdiction on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is on the plaintiff, the party asserting jurisdiction. If the plaintiff alleges, in good faith, an amount in controversy exceeding $75,000.00, the burden shifts to the defendant to prove, to the level of a legal certainty, that the amount in controversy is not sufficient. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938). A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1)

---

[2]This Court recognizes that on August 6, 2013, the defendant also filed a motion for leave to supplement its motion to dismiss. This Court has reviewed the supplemental memorandum and nothing contained in this supplement alters this Court's opinion expressed herein. Therefore, this motion will be denied as moot.

motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.

### III. Discussion

A. Motion to dismiss

In its motion to dismiss, the defendant argues that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks diversity jurisdiction. The defendant does not dispute that the parties are diverse, but argues that the complaint fails to allege facts supporting an amount in controversy greater than $75,000.00. The defendant argues that the amount in controversy cannot exceed $75,000.00 for two reasons: (1) the relevant policy limit is $25,000.00 and (2) the actual value of the damages is less than $7,000.00. Because the policy only covers the defendant's property up to $25,000.00, the defendant argues that this Court can be legally certain that $75,000.00 will not be exceeded. Further, the defendant argues that declaratory judgment in cases where coverage — rather than the validity of the policy itself — is at issue, the amount in controversy equals the amount of damages claimed under the disputed coverage. Therefore, the value of the litigation is the value of the vandalism damages, approximately $7,000.00, and in no case could the value exceed $25,000.00, the policy limit for the property.

The plaintiff, on the other hand, argues in its response that the amount in controversy should include the damages under the

policy and, in addition, the damages for the breach of contract and bad faith claims as mentioned by the defendant during negotiation. Because the defendant could win a separate suit for breach and bad faith after this suit, the plaintiff argues that these subsequent damages should be included in the amount in controversy.[3] The plaintiff argues that the amount in controversy under all these claims is evidenced by the defendant's settlement offer of $175,000.00. In reply, the defendant argues that because only the policy claim is at issue in this case, any broader settlement offers are not relevant to the amount in controversy.

In this complaint, only the issue of coverage was plead and there was no request to resolve the separate but related issue of bad faith. To determine the amount in controversy, it is necessary to determine whether the damages for subsequent claims that would be affected by the present declaratory judgment should be included in the amount in controversy. The amount in controversy in declaratory judgment cases only includes the object actually at issue, not the future goal or impact of the litigation. <u>Lanham Ford, Inc. v. Ford Motor Co.</u>, 101 F. App'x 381, 382 (4th Cir. 2004). In <u>Lanham Ford, Inc.</u>, the plaintiff was a Ford dealership owner seeking declaratory judgment from the court which would grant it a new hearing before the Ford Policy Board. <u>Id.</u> at 381. The

---

[3]The plaintiff also seems to ask for leave to amend its complaint in its response to the motion to dismiss. This request will be addressed below.

plaintiff sought this hearing because it believed that the previous hearing, which resulted in the loss of its dealership, had not been "full, fair and objective." Id. The court found that, although the plaintiff clearly sought to retain its dealership through the new hearing, the amount in controversy was the value of the hearing and not the dealership. Id. at 382.

In a case from the Northern District of Florida that is similar to this civil action, an insurer claimed that an unfiled bad faith claim should be considered in determining the amount in controversy of a suit where the insurer sought declaratory judgment stating that coverage did not exist. New Hampshire Indemnity Company v. Scott, No. 8:11-cv-943-T-23MAP, 2012 WL 6537098 at *1 (M.D. Fla. Dec. 12, 2012). The court found that "a declaratory judgment's attenuated, collateral consequence perforce res judicata, collateral estoppel, or stare decisis contributes nothing to the amount in controversy." Id. at *3. Other courts have analogously declined to consider possible, but unfiled counterclaims when calculating the amount in controversy. Unitrin Auto and Home Ins. Co. v. Bastida, No.3:09-cr-00217-W, 2009 WL 3591190 at *2-3 (W.D.N.C. Oct. 26, 2009) (finding that potential counterclaims do not contribute to the amount in controversy because they are only speculative and otherwise plaintiffs could circumvent the requirement until the counterclaims were filed). Because these bad faith and breach of contract claims were not

included in the complaint,[4] they are not the "object of the litigation" and, thus, they are not relevant to determination of the amount in controversy. Lanham, 101 F. App'x at 382.

Accordingly, the only item to be valued is the coverage that the defendant is claiming. When the issue in declaratory judgment is whether a claim of coverage is valid, the amount in controversy is the amount of the underlying claim. Darbet, Inc. v. Bituminous Cas. Co., 792 F. Supp. 487, 488 (S.D. W. Va. 1992) (citing Mut. Life Ins. Co. v. Moyle, 116 F.2d 434, 436 (4th Cir. 1940). The defendant claims approximately $6,500.00 in its fillings and negotiations for the damage to its property. Further, the policy limits all claims due to damage to the residence to $25,000.00. This Court finds that the defendant has proven to a legal certainty that the amount in controversy currently does not exceed $75,000.00, exclusive of interest and costs. Thus, diversity jurisdiction does not exist under this complaint.

B. Plaintiff's motion to amend

The plaintiff contends that the bad faith and breach of contract claims should be included in the amount in controversy under the complaint as it stands. Nonetheless, in its response to the motion to dismiss, the plaintiff asks for leave to amend its

---

[4]It is worth noting that because this case will be dismissed without prejudice, the plaintiff will be free to file this case again in a court having jurisdiction and explicitly state all appropriate claims for declaratory judgment.

7

complaint and directly state these claims for declaratory judgment from the court. Normally, the existence of jurisdiction depends on the facts at the time the complaint is filled. <u>Newman-Green, Inc. v. Alfonzo-Lorrin</u>, 490 U.S. 826, 831 (1989) (citing <u>Smith v. Sperling</u>, 354 U.S. 91, 93 n.1 (1957)). In certain situations, however, "[d]efective allegations of jurisdiction may be amended" under 28 U.S.C. § 1653.

These situations are narrowly defined and typically involve minor mistakes regarding the more technical pleading requirements. One example of such an amendable defect is mistakenly stating the amount in controversy for all plaintiffs, rather than calculating each plaintiff's amount in controversy separately. <u>Feikema v. Texaco, Inc.</u>, 16 F.3d 1408, 1412 (4th Cir. 1994) (allowing amendment to separate amount in controversy because defect was in form only). On the other hand, even the minor error of including a non-diverse party in the complaint is considered "basic and actual, not formal" and, thus, not eligible for amendment under 28 U.S.C. § 1653. <u>Russel v. Basila Mfg. Co.</u>, 246 F.2d 432, 433 (5th Cir. 1957) (disallowing amendment at appeal even though by that time the claims against the non-diverse parties had been dismissed on the merits in the lower court); <u>accord</u> <u>Newman-Green, Inc.</u>, 490 U.S. at 831 (disapproving of amendment during appeal to drop a party that destroyed diversity under 28 U.S.C. § 1653 because it would "produce jurisdiction where none actually existed before").

8

Several circuit courts have explicitly stated that amendment may not introduce new claims in order to gain jurisdiction, as this would not be a technical defect. Pressroom Unions-Printers League Income Sec. Fund v. Continental Assur. Co., 700 F.2d 889, 893 (2d Cir. 1983); Boelens v. Redman Homes, Inc., 759 F.2d 504, 512 (5th Cir. 1985); Monrongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 n.3 (9th Cir. 1988). To summarize, it appears that amendment is only allowed under 28 U.S.C. § 1653 when jurisdiction appears to exist, given the parties and claims set forth in the complaint, but the existence of jurisdiction is not correctly documented. Since this amendment would seek to add entirely new claims, it is far from the kind of technical mistake that can be amended. Accordingly, amendment cannot be justified under 28 U.S.C. § 1653 and leave to amend the complaint will be denied by this Court.

C.  Defendant's motion for leave to file and assert a counterclaim

The defendant has asked for leave to file a counterclaim which would assert a variety of additional claims against the plaintiff. However, as discussed above, there does not appear to be jurisdiction under the original complaint. First, although the law is not settled on this point, the weight of the case law seems to favor not considering counterclaims when determining the amount in controversy. See 14AA Federal Practice and Procedure Jurisdiction § 3706 n.20-21 (4th ed.); West Virginia State Bar v. Bostic, 351 F.

Supp. 1118, 1121 (S.D. W. Va. 1972) (stating, in removal action, that counterclaims should not add to the amount in controversy, even where counterclaiming is required by state law); R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc., 23 F. App'x 141, 144-45 (4th Cir. 2001) (stating, in a removal action, that it appears that counterclaims should not be considered for determining the amount in controversy). Second, the value of this counterclaim is expressly limited to $49,000.00. Even if this counterclaim were to be combined with the value of the original complaint, which is at most $25,000.00, the amount in controversy would not exceed $75,000.00. Therefore, even if this Court allowed the counterclaim to be filed, diversity jurisdiction would not exist and this Court would still be required to dismiss the case.

## IV. Conclusion

For the above stated reasons, the defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. The plaintiff's motion to amend its complaint is DENIED. The defendant's motion for leave to file and assert a counterclaim is DENIED AS MOOT. The defendant's motion for leave to file a supplemental memorandum is DENIED AS MOOT. Therefore, the instant case is to be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 7, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE